IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRIGIDA CHOCK,　　　　(02)<br>aka "Aida Chock"<br><br><br><br>　　　　　Defendant. | CR. NO. 21-00069 JMS-2<br><br>ORDER DENYING DEFENDANT'S "AFFIDAVIT IN SUPPORT FOR HARM REQUEST FOR RECUSAL OF CHIEF JUDGE J.M. SEABRIGHT DOES NOT DO RIGHT FOR BIAS AND PARTIALITY," ECF NO. 111 |

**ORDER DENYING DEFENDANT'S "AFFIDAVIT IN SUPPORT FOR HARM REQUEST FOR RECUSAL OF CHIEF JUDGE J.M. SEABRIGHT DOES NOT DO RIGHT FOR BIAS AND PARTIALITY," ECF NO. 111**

## I. INTRODUCTION

　　　　Pro se Defendant Brigida Chock ("Defendant") has filed a motion that seeks this court's recusal from her criminal case pursuant to 28 U.S.C. § 455 ("Motion to Recuse").[1]  For the reasons that follow, the Motion to

---

[1] Defendant, previously represented by Criminal Justice Act counsel, waived her right to counsel after the court conducted a full hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975), on September 23, 2025.  That same day, Defendant and her husband, co-defendant Michael Chock, filed the pro se Motion to Recuse—that is, the Motion to Recuse was filed by Defendant and Michael Chock, not counsel.  And because Michael Chock is still represented by counsel, the court struck the Motion to Recuse as to him, and thus considers it as to Defendant only.  *See* ECF Nos. 111–114.  The United States filed a Response to the Motion to Recuse on September 26, 2025.  ECF No. 116.  The court decides the motion without a hearing pursuant to pursuant to Criminal Local Rule 12.2(a)(1).

Recuse is DENIED.

## II. **DISCUSSION**

Defendant was charged in a First Superseding Indictment ("FSI") with two counts: (1) Count 1—conspiracy to defraud the United States in violation of 18 U.S.C. § 371; and (2) Count 2—making and subscribing a false tax return in violation of 26 U.S.C. §7206(1). ECF No. 35. On March 16, 2023, Defendant entered a plea of guilty to Count 1 before Magistrate Judge Wes Reber Porter pursuant to a memorandum of plea agreement. ECF Nos. 61–64. This court accepted Defendant's plea of guilty on April 3, 2023. ECF No. 70.

On August 18, 2025, while pending sentencing, Defendant and Michael Chock filed an "Emergency Motion to Stay." ECF No. 90. That Motion (filed pro se, although both were represented by counsel) was frivolous and without any basis in law, including claims that this court "may not move forward with this case without first establishing jurisdiction recorded on record and explained in detail to defendant," and that the plea of guilty is invalid without grand jury minutes and an "unredacted grand jury indictment." *Id*. at PageID.295–296. Based on the claim that the court lacks jurisdiction over her criminal case, Defendant sought a stay of the case pending appeal to the Ninth Circuit and, if necessary, the Supreme Court. *Id*. at PageID.303. On August 18, 2025, the court denied the Emergency Motion to Stay and explained the basis of the court's jurisdiction:

2

On August 18, 2025, Defendants, proceeding pro se, filed an "Emergency Motion to Stay," ECF No. 90. The Motion argues that this court lacks jurisdiction over the case. *See id.* at PageID.295 ("In sum, [the court] may not move forward with this case without first establishing jurisdiction. . . ."). The Motion is DENIED. *See, e.g.*, 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."); *United States v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986) ("These offenses include crimes defined in Title 26 of United States Code.").

ECF No. 91.[2] Next, on August 29, 2025, Defendant and Michael Chock filed a pro se "Motion of Conflict of Interest," ECF Nos. 92 and 94. Defendant's motion claims, in part, that her Criminal Justice Act ("CJA") attorney has provided ineffective assistance of counsel. For example, the motion states that "[c]ounsel knew that the crime they advised the clients to plead guilty to, was not an actual crime" and "[c]ounsel advised their clients to commit perjury." ECF No. 94 at PageID.344. As another example, the motion claims that under "the Criminal Justice Act, the court appointed attorneys work within the same department as the Assistant U.S. Attorneys, but, just different office, and this fact, creates a conflict of interest." *Id*. at PageID.345–346. The relief sought by the motion—based on the conduct of her counsel and alleged irregularities in the grand jury process—includes dismissal of the FSI with prejudice. *Id*. at PageID.352–353.

---

[2] On September 26, 2025, the Ninth Circuit denied Defendant's writ of mandamus and appeal of the court's August 18, 2025 Order. ECF Nos. 95, 117.

Based on the filing of the Motion of Conflict of Interest, the court held a status conference on September 8, 2025. On that day, before the status conference was held, Defendant filed an "Affidavit Addendum of Brigida E. Chock," claiming that she was the "victim[] of fraud in the factum, as [she was] misled into signing a plea guilty agreement for the Government's own gain . . . ." and that Defendant was not guilty of any crime, but instead was a victim. ECF No. 102 at PageID.446. She also claims that this court "lacks authority to proceed due to a violation of due process"; that "[w]ithout compliance with its own laws—including an unredacted grand jury indictment as required under Rule 7—the plea is invalid"; and that "**THIS CASE CANNOT PROCEED until jurisdiction is proved to exist!**" *Id*. at PageID.449.

At that status conference, Defendant (and her husband Michael Chock) stated that she wanted to terminate her CJA counsel and to proceed pro se. The court then set a *Faretta* hearing, which was ultimately scheduled for September 23, 2025. ECF Nos. 103, 104, and 107. Before that date, Defendant filed an "Affidavit of Harm by Brigida E. Chock," again challenging the court's jurisdiction. ECF No. 109. The court struck that filing because, at the time it was filed, she was still represented by counsel. ECF No. 110.[3]

---

[3] Local Rule 83.5, which applies to criminal cases through Local Rule 1.3, states that "[t]he court may strike any document filed by a party on his or her own behalf when the party is represented by counsel in the action."

During the afternoon of September 22, 2025, Michael Chock's CJA counsel, Randall Hironaka, sent an email to the court stating that his client was scheduled for surgery involving a serious medical condition on Friday, September 26, 2025, and that Mr. Hironaka was not expecting Mr. Chock's appearance in court on September 23, 2025. ECF No. 121. Regardless, Mr. Hironaka also stated that "[g]iven the nature of the motion that he filed, I am still requesting that we have a status conference tomorrow and I will try to update the Court and all parties as best as I can." *Id*. Given this communication, the court agreed to keep the hearing as scheduled, understanding that Mr. Chock's health may not permit him to appear.

On September 23, 2025, Defendant filed the Motion to Recuse at 9:25 a.m.[4] Both Defendant and Michael Chock appeared for the 10:00 a.m. hearing. During this hearing, the court was provided with a doctor's note regarding Michael Chock's medical status,[5] and Michael Chock indicated that he was still considering his options regarding representation and did not wish to

---

[4] Based on the court filing stamp placed in the upper right-hand corner of the first page of the Motion to Recuse, it appears that it was filed in person at the clerk's office. The court began the September 23 hearing at 10:00 a.m. but had not received a copy of the Motion to Recuse before that hearing began. Although the court was told that Defendant and Michael Chock had filed new motions, the court was unaware until after the hearing that the motions sought recusal of this court.

[5] Contrary to Defendant's assertion in the Motion to Recuse, this was the first time that the court was provided a copy of the medical note. The note is attached as an exhibit to the Motion to Recuse. *See* ECF No. 111-2 (under seal).

5

proceed with the *Faretta* inquiry. Based on the doctor's note and a discussion with all parties, the court vacated the current sentencing date and scheduled a further status conference for November 25, 2025. ECF No. 113.

Defendant then reaffirmed her request to proceed pro se, and the court provided her with the option of proceeding with a *Faretta* inquiry then, or waiting until later.[6] Ultimately, Defendant decided to proceed with the *Faretta* inquiry. ECF Nos. 113 and 114. After a full inquiry, the court determined that Defendant unequivocally decided to represent herself, and that her waiver of the right to counsel was knowing, intelligent, and voluntary. ECF No. 114. And given that Defendant was permitted to proceed pro se as of September 23, the court struck the Motion to Recuse as to Michael Chock (who, again, is presently represented by counsel) but not as to Defendant.

In her Motion to Recuse, among other things, Defendant states:

> 3. We received the courts Order on April 23, 2009, on our Motion to Withdraw our Plea After Sentencing.[7] On August 29th, 2025, we filed Motion for Conflict of Interest to recuse our respective counsels. On September 15th, 2025, We filed Affidavits of Harm. Whereas, no response to any of our pleadings, violating due process

---

[6] The court also made clear that it would accept no further pro se filings from either defendant, pending completion of any *Faretta* inquiry.

[7] This sentence is confusing for two reasons. First, the stated year of 2009 is obviously incorrect. And second, neither Defendant nor Michael Chock have moved to withdraw their pleas of guilty, nor did the court enter an order based on any effort to withdraw from a plea of guilty. Instead, this court entered an order entitled "Acceptance of Plea of Guilty, Adjudication of Guilt and Notice of Sentencing" on April 3, 2023. ECF No. 70.

6

and abuse of discretion, bias and prejudice, by Chief Judge Seabright.

4. Since the filing of our first pretrial motions, and up to this date, and including our filing of for Motion to Stay Pending Appeal on August 18th, 2025, the lower court has incorrectly DENIED ALL of our motions in violation of Supreme Court case law **Haines V. Kerner** and **Conely V. Gibson**. The court, in denying our Affidavits in the form of motions, we believe we cannot receive a fair trial or hearing by Judge Seabright, because our rights of due process has been violated by Judge Seabright under several Canons Codes of Judicial Conduct,

**Canon 1:** A judge shall uphold the integrity and independence of the judiciary.

**Canon 2:** A judge shall avoid impropriety and the appearance of impropriety in ALL of the judge's activities.

**Canon 3:** A judge shall perform the duties of judicial office impartially and diligently.

**We Note:** It is within our best interest for Chief Judge Seabright to recuse himself from our case due to being a witness.

\* \* \*

7. We can unequivocally say that we firmly believe that we cannot get a fair hearing or a fair trial before the Honorable Judge J.M. Seabright, as he practice law from his bench, **violation of 28 USC 454**.

8. We believe the court is retaliating against the Defendants for firing our attorneys and withdrawing our plea agreements. This violates **Murdock V. Pennsylvannia,** 319 U.S. 105, at 113, A state cannot impose a charge for the enjoyment of a right granted by the Federal Constitution. See also, **Sherar V. Cullen,** 481F.2d 946 (1973) There can be no sanction or penalty imposed upon one for the exercise of

> his Constitutional rights.
>
> * * *
>
> 10. Chief Judge J.M. Seabright, has displayed bias by overriding a doctor's note that relates to my husband's by-pass surgery, scheduled on September 26th, 2025. Chief J.M. Seabright MUST RECUSE himself for his alleged bias in this case because it has caused his judgment to be egregiously unfair, bias and prejudice, **(See Exhibit 1).**

ECF No. 111 at PageID.757–758. Defendant concludes, in part, by claiming that the court is "engaging in criminal acts of treason." *Id*. at PageID.760.

Defendant moves for disqualification under 28 U.S.C. § 455,[8] which provides in part:

> (a)  Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b)  He shall also disqualify himself in the following circumstances:
>
>> (1)  Where he has a personal bias or prejudice concerning a party . . . .

Under § 455(a) and (b)(1), "the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038,

---

[8] Even liberally construed, Defendant's Motion to Recuse is not brought under 28 U.S.C. § 144. First, the Motion to Recuse does not cite or refer to § 144. And second, Defendant submitted no affidavit in support of her Motion to Recuse, a specific requirement of § 144.

1043 (9th Cir. 2008) (alterations, citations, and quotation marks omitted), *abrogated on other grounds by Simmons v. Himmelreich*, 578 U.S. 621 (2016).[9] "The 'reasonable person' is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer" who "understand[s] all the relevant facts and has examined the record and law." *United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008) (internal citations and quotation marks omitted). "The standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id.* at 913 (citation and quotation marks omitted).

Moreover, the alleged bias or prejudice "must usually stem from an extrajudicial source." *Pesnell*, 543 F.3d at 1044. The Supreme Court has explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of

---

[9] A § 455 motion must be decided by the judge whose impartiality is being questioned. *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994). "Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge." *Id.* (quoting *United States v. Balistrieri*, 779 F.2d 1191, 1202–03 (7th Cir. 1985)). Thus, this court will rule on the Motion to Recuse.

> the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994).

Here, the few facts that Defendant offers in support of her Motion to Recuse are simply incorrect. For example, Defendant claims that she has filed various motions and that "no response to any of our pleadings" is a violation of due process and "abuse of discretion, bias and prejudice" by the court. ECF No. 111 at PageID.757. But the court did rule on Defendant's August 18, 2025 "Emergency Motion to Stay." *See* ECF Nos. 90 and 91. Because that motion was facially frivolous, the court denied it, but also set forth the basis for the court's jurisdiction over Defendant's case. Defendant's disagreement with the court's decision is not a basis for recusal. *Pesnell*, 543 F.3d at 1044 (stating that the alleged bias or prejudice "must usually stem from an extrajudicial source").

Defendant then filed an August 29, 2025 "Motion of Conflict of Interest," and a September 8, 2025 "Affidavit Addendum of Brigida E. Chock." ECF Nos. 94 and 102. The court held a status conference to discuss both of these filings, during which Defendant represented that she wanted to proceed pro se. The court then scheduled a *Faretta* hearing, ultimately held on September 23, 2025. ECF Nos. 103, 104, and 107. Before the court engaged in a *Faretta* inquiry with Defendant on that day, the court told her that she could file no further pro se

10

pleadings unless the court permitted her to proceed pro se.  In short, Defendant's claim that the court failed to act on her filings is inaccurate.

Defendant also claims that the court displayed bias by "overriding a doctor's note that relates to my husband's . . . surgery, scheduled on September 26th, 2025." ECF No. 111 at PageID.758.  This suggests that the court required Michael Chock to appear in court on September 23, 2025, despite his medical condition.[10]  Again, Defendant has the facts wrong.

First, the court was told of the doctor's note, and received it for the first time, after the September 23, 2025 court session began.  That is, the court was not provided the doctor's note in advance of the hearing.  Second, as set forth above, on September 22, 2025, Michael Chock's counsel sent the court an email stating that his client was scheduled for surgery on Friday, September 26, 2025, and that counsel was not expecting Mr. Chock's appearance in court on September 23, 2025.  ECF No. 121. Regardless, Michael Chock's counsel also stated that "[g]iven the nature of the motion that [Michael Chock] filed, I am still requesting that we have a status conference tomorrow and I will try to update the Court and all parties as best as I can." *Id*.  Given this communication, the court agreed to keep the hearing as scheduled, understanding that Mr. Chock's health may not have permitted him to appear.  In other words, the court never failed to give due

---

[10] Michael Chock and Defendant, neither of whom are in custody, both appeared in court on September 23, 2025, for the scheduled 10:00 a.m. *Faretta* hearing.  *See* ECF No. 113.

11

consideration to a doctor's note, let alone "displayed bias by overriding a doctor's note."

Defendant also claims that the court "DENIED ALL of our motions." ECF No. 111 at PageID.757. Even if true—which it is not—"[u]nfavorable rulings alone are legally insufficient to require recusal, even when the number of such unfavorable rulings is extraordinarily high." *Matter of Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984) (internal citation omitted); *see also Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) ("[Appellant's] allegations stem entirely from the district court judge's adverse rulings. That is not an adequate basis for recusal."). And a judge's opinions, formed "on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. In short, Defendant's disagreement with this court's ruling is not a ground for a motion to disqualify.

Finally, Defendant's subjective belief that the court cannot be fair, while unfortunate, is not a basis for this court to recuse. As set forth above, in ruling on Defendant's § 455 motion the court applies an objective test—whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. And the "standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is

12

mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Holland*, 519 F.3d at 913 (internal citations and quotation marks omitted).  Defendant's speculative and subjective claims of bias are insufficient to require recusal.

### III.  <u>CONCLUSION</u>

Based on the foregoing, Plaintiff's Motion to Recuse, ECF No. 111, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 30, 2025.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge